IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 JUN 14  P 2: 17

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| FIREMAN'S FUND RISK MANAGEMENT SERVICES, INC., | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| AJF WAREHOUSE DISTRIBUTORS INC. and XTRA CORPORATION, | ) ) ) |
| Defendants. | ) ) ) ) |

CASE NO.  04-11212 NG

## NOTICE OF FILING CERTIFIED AND ATTESTED
## COPIES OF ALL RECORDS AND PROCEEDINGS
## IN THE STATE COURT ACTION PURSUANT TO L.R. 81.1(a)

Attached hereto are certified and attested copies of all records and proceedings in the

State Court, and a certified and attested copy of the Civil Docket for Suffolk Superior Court Case

No. 2004-00704 styled *Fireman's Fund Risk Management Services, Inc. v. AJF Warehouse*

*Distributors Inc., et al.*

Respectfully submitted,

AJF WAREHOUSE DISTRIBUTORS INC.
and XTRA CORPORATION
By Their Attorneys,

Jeffrey W. Moss, BBO# 552421
Morgan, Lewis & Bockius LLP
225 Franklin Street, Suite 1705
Boston, Massachusetts  02110
Tel:   617.451.9700

Dated:  June 14, 2004

Michael F. Healy (*Pro Hac Vice* -- pending)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, D.C.   20004
Tel:    202.739.3000

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Notice of Filing Certified and Attested Copies of All Records and Proceedings in the State Court Action Pursuant to L.R. 81.1(a)* has been hand-delivered to the following counsel of record on June 14, 2004.

> Mark A. Darling, Esq.
> Cogavin & Waystack
> Two Center Plaza
> Boston, Massachusetts   02109

Jeffrey W. Moss

1-BO/100255.1

- 3 -

MAS-20030912

ĝuen

**Commonwealth of Massachusetts**
**SUFFOLK SUPERIOR COURT**
**Case Summary**
**Civil Docket**

06/04/2004
03:04 PM

## SUCV2004-00704
## Fireman's Fund Risk Management Services Inc v AJF Warehouse Distributors Inc et al

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 02/17/2004 | **Status** | Disposed: transfered to other court (dtrans) | | |
| **Status Date** | 06/04/2004 | **Session** | H - Civil H | | |
| **Origin** | 1 | **Case Type** | A01 - Services, labor, materials | | |
| **Lead Case** | | **Track** | F | | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 05/17/2004 | **Answer** | 07/16/2004 | **Rule12/19/20** | 07/16/2004 |
| **Rule 15** | 07/16/2004 | **Discovery** | 12/13/2004 | **Rule 56** | 01/12/2005 |
| **Final PTC** | 02/11/2005 | **Disposition** | 04/12/2005 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Fireman's Fund Risk Management Services Inc
Active 02/17/2004

**Private Counsel 551285**
Mark A Darling
Cogavin & Waystack
2 Center Plaza
Boston, MA 02108
Phone: 617-742-3340
Fax: 617-723-7563
Active 02/17/2004 Notify

**Private Counsel 641205**
Mark R Freitas
Cogavin & Waystack
2 Center Plaza
Boston, MA 02108
Phone: 617-742-3340
Fax: 617-723-7563
Active 02/17/2004 Notify

**Defendant**
AJF Warehouse Distributors Inc
Suspend time stan re party 06/01/2004

**Private Counsel 552421**
Jeffrey W Moss
Zevnik Horton
1 International Place
14th floor
Boston, MA 02110
Phone: 617-790-2970
Fax: 617-790-2910
Active 06/04/2004 Notify

**Defendant**
Xtra Corporation
Served: 05/18/2004
Served (answr pending) 05/20/2004

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 02/17/2004 | 1.0 | Complaint & jury demand on complaint |

MAS-20030912                    **Commonwealth of Massachusetts**                    06/04/2004
guen                              **SUFFOLK SUPERIOR COURT**                          03:04 PM
                                         **Case Summary**
                                          **Civil Docket**

### SUCV2004-00704
### Fireman's Fund Risk Management Services Inc v AJF Warehouse Distributors Inc et al

| Date | Paper | Text |
|------|-------|------|
| 02/17/2004 |  | Origin 1, Type A01, Track F. |
| 02/17/2004 | 2.0 | Civil action cover sheet filed |
| 05/17/2004 | 3.0 | Plff's emergency motion to appoint special process server  filed & approved  by the court  (White,J) |
| 05/20/2004 | 4.0 | Emergency ex parte motion to enlarge time for service by fifteen daye through & including June 1,2004 beyond the original 90 days (w/o opposition) |
| 05/20/2004 | 5.0 | SERVICE RETURNED:  Xtra Corporation(Defendant) (in hand 5/18/-04) |
| 05/20/2004 | 6.0 | SERVICE RETURNED (summons): AJF Warehouse Distributors Inc, service made on May 18, 2004 (incomplete) |
| 05/21/2004 |  | MOTION (P#4) ALLOWED (Troy,J) Notices mailed May 24, 2004 (entered 5/21/04) |
| 06/01/2004 |  | Suspend time standards re AJF Warehouse Distributors Inc: (See P#3 Motion to enlarge time up to and including 6/01/04 to complete service - Allowed) |
| 06/01/2004 |  | Case status changed to 'Needs review for answers' at service deadline review |
| 06/04/2004 |  | Certified copy of petition for removal to U. S. Dist. Court of Defts. AJF Warehouse Distributors Inc. and  XTRA Corporation U. S. Dist.#(04-11212NG). |
| 06/04/2004 |  | Case REMOVED this date to US District Court of Massachusetts |

**EVENTS**

. HEREBY ATTEST AND CERTIFY ON

JUNE 7, 2004    , THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY.

ASSISTANT CLERK.

*Suffolk Superior Civil #04-0704H*

**COPY**

UNITED STATES DISTRICT COURT IN CLERKS OFFICE
DISTRICT OF MASSACHUSETTS

FILED

2004 JUN -4  A 11: 35

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| FIREMAN'S FUND RISK MANAGEMENT SERVICES, INC., | ) ) ) |
| Plaintiff, | ) |
| v. | ) ) |
| AJF WAREHOUSE DISTRIBUTORS INC., and XTRA CORPORATION, | ) ) ) |
| Defendants. | ) ) ) |

**04 - 11212 NG**

Case No. _____

## NOTICE OF REMOVAL

Defendants AJF Warehouse Distributors Inc. ("AJF") and XTRA Corporation

("XTRA"), by their undersigned attorneys, hereby give notice that, pursuant to 28 U.S.C.

§§ 1441 and 1446, and Rule 81.1 of the Local Rules of the Untied States District Court for the

District of Massachusetts, this action is removed from the Superior Court, Suffolk County, to the

United States District Court for the District of Massachusetts. As grounds for removal,

Defendants state as follows:

## THE STATE COURT ACTION

1.      On or about February 17, 2004, Plaintiff filed a Complaint and Statement of

Damages seeking money damages in Massachusetts Superior Court, Suffolk County, Case No.

04-0704-H. Exhibit 1.

2.      Copies of the Summons, Complaint and Statement of Damages were served on

AJF on May 20, 2004. Exhibit 2.

3.      Copies of the Summons, Complaint and Statement of Damages were served on XTRA on May 18, 2004. Exhibit 3.

4.      Pursuant to 28 U.S.C. § 1446(a), the documents attached as Exhibits 1, 2 and 3 constitute copies of all process, pleadings and orders served upon Defendants in the state court action.

5.      Plaintiff alleges in its one count complaint for breach of contract that XTRA is an additional insured under six insurance policies issued by Plaintiff between October 1978 and October 1984 to named insured AJF. Complaint, ¶ 4.

6.      Plaintiff further alleges that three of the six policies issued have open retrospective payment programs. Complaint, ¶ 5.

7.      Plaintiff further alleges that, in 1991, XTRA became involved in a dispute, ultimately resulting in one or more lawsuits, concerning soil and ground water contamination at the Edgerton Sand and Gravel Landfill ("ES&G landfill") and a neighboring property in Wisconsin. Complaint, ¶ 6.

8.      Plaintiff further alleges that the dispute resulted in two settlements between XTRA and Plaintiff. Plaintiff alleges that the first settlement occurred in June of 1995, involving a demand by the Wisconsin Department of Natural Resources that XTRA cleanup the contamination at what is known as the Former Highway Trailer Facility and the ES&G landfill. Plaintiff alleges that the second settlement occurred in February of 1998, involving allegations in a suit filed by some 240 residents along the Rock River, near the ES&G landfill, that XTRA had contaminated their well water with hazardous chemicals. Complaint, ¶¶ 7-9.

9.      Plaintiff further alleges that XTRA understood that there were retrospective provisions, that one or more of the retrospective accounts were open, and that, as a result, XTRA would be charged certain amounts for the claims. Complaint, ¶ 14.

10.     Plaintiff further alleges that it billed XTRA for its share of the indemnity under the three open policies and that AJF and XTRA have failed to satisfy their obligation with respect to the monies due under the retrospective premium plan. Complaint, ¶¶ 14-18.

11.     In its Statement of Damages accompanying the Complaint, Plaintiff alleges that it seeks to recover damages in the amount of $214,232.00 in actual damages plus interest, costs and attorneys' fees.

## DIVERSITY JURISDICTION

12.     Plaintiff, Fireman's Fund Risk Management Services, Inc. is a California Corporation with its principal place of business in California. Complaint, ¶ 1; Affidavit of Paul F. Tamburelli ("Tamburelli Aff."), Exhibit 4.

13.     Defendant AJF is an Illinois corporation with its principal place of business in St. Louis, Missouri. Tamburelli Aff., ¶ 2.

14.     Defendant XTRA is a Delaware corporation with its principal place of business in Westport, Connecticut. Complaint, ¶ 3; Tamburelli Aff., ¶ 3.

15.     The amount in controversy exceeds $75,000, exclusive of interests and costs. *See* ¶ 11, *supra*.

16.     Thus, this Court has original jurisdiction of the above-captioned action pursuant to 28 U.S.C. § 1332, and the action may therefore be removed to this Court pursuant to 28 U.S.C. § 1441(b).

17.   This notice of removal is timely as it is filed with the Court within 30 days after service on Defendants of service on the Complaint in the state court action.

18.   Under 28 U.S.C. § 1446(a), venue is proper in this District because the Suffolk Superior Court, where this action was filed and had been pending prior to removal, is a state court within this federal district and division.

19.   In accordance with 28 U.S.C. § 1446(d), XTRA will promptly file a copy of this Notice of Removal with the Clerk for Civil Business of the Suffolk Superior Court.

WHEREFORE, the petitioners, AJF Warehouse Distributors, Inc. and XTRA Corporation, prays that further proceedings in the Superior Court, Suffolk County, be discontinued and that this suit be removed to the Untied States District Court for the District of Massachusetts, as the law in such cases provides.

Respectfully submitted,

AJF WAREHOUSE DISTRIBUTORS INC. and
XTRA CORPORATION
By Its Attorneys,

Jeffrey W. Moss, BBO# 552421
Morgan, Lewis & Bockius LLP
225 Franklin Street, Suite 1705
Boston, Massachusetts   02110
Tel:     617.451.9700

. HEREBY ATTEST AND CERTIFY ON

JUNE 7, 2004 , THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY:

ASSISTANT CLERK.

Dated: June 4, 2004

- 4 -

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing *Notice of Removal* has been

forwarded *via* hand-delivery to the following counsel of record on June 4, 2004.

> Mark A. Darling
> Cogavin & Waystack
> Two Center Plaza
> Boston, Massachusetts  02109

Jeffrey W. Moss

1-BO/100226.1

- 5 -

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                    SUPERIOR COURT DEPARTMENT
                                               DOCKET NO. 2004-0407-H

|  |  |
|---|---|
| FIREMAN'S FUND RISK MANAGEMENT SERVICES, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| AJF WAREHOUSE DISTRIBUTORS INC., and XTRA CORPORATION, | ) ) ) |
| Defendants. | ) ) |

## DEFENDANTS' NOTICE
## OF FILING NOTICE OF REMOVAL

Defendants, AJF Warehouse Distributors Inc. and XTRA Corporation hereby file a true
and correct copy of the Notice of Removal of this cause of action from this Court to the United
States District Court, for the District of Massachusetts. A copy of the Notice of Removal is
attached.

Respectfully submitted,

AJF WAREHOUSE DISTRIBUTORS INC.
XTRA CORPORATION
By Their Attorneys,

Jeffrey W. Moss, BBO# 552421
Morgan, Lewis & Bockius LLP
225 Franklin Street, Suite 1705
Boston, Massachusetts  02110
Tel:    617.451.9700

Dated:  June 4, 2004

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing ***Defendants' Notice of***

***Filing Notice of Removal*** has been forwarded *via* hand-delivery to the following counsel of

record on June 4, 2004.

> Mark A. Darling
> Cogavin & Waystack
> Two Center Plaza
> Boston, Massachusetts   02109

Jeffrey W. Moss

1-BO/100230.1

- 2 -

**1**

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

SUPERIOR COURT DEPARTMENT
DOCKET NO.  04-0704 ♯

| | |
|---|---|
| FIREMAN'S FUND RISK MANAGEMENT SERVICES, INC., | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) |
| | ) |
| AJF WAREHOUSE DISTRIBUTORS INC., and XTRA CORPORATION, | ) |
| Defendants | ) |

MICHAEL JOSEPH DONOVAN CLERK/MAGISTRATE
2004 FEB 17 D 4: 07
SUFFOLK SUPERIOR COU...
CIVIL CLERK'S OFFICE

### COMPLAINT AND JURY DEMAND

### PARTIES

1.  The plaintiff, Fireman's Fund Risk Management Services, Inc., ("FFIC"), is a California corporation doing business in Boston, Suffolk County, Massachusetts.

2.  The defendant, AJF Industries, Inc. ("AJF"), is a Missouri corporation doing business in Boston, Suffolk County, Massachusetts, with its resident agent being CT Corporation System, 101 Federal Street, Boston, Massachusetts 02110.

3.  The defendant, Xtra Corporation("Xtra"), is a Delaware corporation doing business in Boston, Suffolk County, Massachusetts, with its resident agent being CT Corporation System, 101 Federal Street, Boston, Massachusetts 02110.

### COUNT I - BREACH OF CONTRACT

4.  Xtra is an additional insured on six policies issued by plaintiff in Massachusetts between October 1978 and October 1984 to named insured AJF.

5.  Of the six policies issued, three have open retrospective payment programs.

6.   In 1991, Xtra became involved in a dispute, ultimately resulting in one or more lawsuits, concerning soil and ground water contamination at the Edgerton Sand and Gravel Landfill ("ES&G landfill") and a neighboring property in Wisconsin.

7.   The dispute resulted in two settlements between Xtra and Plaintiff.

8.   The first settlement occurred in June of 1995 and involved a demand by the Wisconsin Department of Natural Resources that Xtra cleanup the contamination at what is known as the Former Highway Trailer Facility and the ES&G landfill.

9.   The second settlement occurred in February of 1998 and involved allegations in a suit filed by some 240 residents along the Rock River, near the ES&G landfill, that Xtra had contaminated their well water with hazardous chemicals.

10.   With respect to the second settlement, Xtra signed the respective release ("1998 release") on February 23, 1998.

11.   The 1998 release provides that, "notwithstanding" the mutual release language, it shall not apply "to change or modify any underwriting agreement" between FFIC and Xtra "relating to the administration of claims asserted under the policies" subject to the release.

12.   At all times during the parties' efforts of reaching a complete settlement over these disputed claims, Xtra and/or its counsel was provided with a copy of the underwriting plan and was completely aware of the underwriting plan and its contents.

13.   Xtra is a sophisticated commercial entity that was represented by counsel at all material times.

14.   Xtra understood that there were retrospective provisions, that one or more of the retrospective accounts were open, and that, as a result, Xtra would be charged certain

amounts for the claims.

15.    Xtra's counsel did not ask for additional details and appeared to understand these terms of

the 1998 release as agreed upon.

16.    FFIC properly applied one loss limit per policy and billed Xtra for its share of the

indemnity under the three open policies.

17.    As agreed, FFIC made all computations at 12 month intervals.

18.    AJF and Xtra have failed to satisfy their obligation with respect to the monies due under

the retrospective premium plan.

**THE PLAINTIFF REQUESTS A TRIAL BY JURY**

, HEREBY ATTEST AND CERTIFY ON

JUNE 7, 2004 , THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY

ASSISTANT CLERK.

Respectfully Submitted,
The Plaintiff,
American Insurance Co.,
By its Attorneys,

Mark A. Darling, BBO# 551285
Mark R. Freitas, BBO# 641205
Cogavin & Waystack
Two Center Plaza
Boston, MA 02108
(617) 742-3340

CIVIL ACTION
COVER SHEET

DOCKET NO.(S)

04-0704 - H

Trial Court of
Massachusetts
Superior Court
Department
County:



| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Fireman's Fund Risk Management Services, Inc. | AJF Warehouse Distributors Inc., and XTRA Corporaiton |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE<br>**Mark A. Darlling, Esquire, BBO# 551285**<br>**Mark R. Freitas, Esquire, BBO# 641205**<br>**Cogavin & Waystack**<br>**Two Center Plaza**<br>**Boston, MA  02108**<br>**617-742-3340** | ATTORNEY (If known) |

**Origin code and track designation**

Place an x in one box only:

_X_ 1. F01 Original Complaint

__ 2. F02 Removal to Sup. Ct. c. 231, s. 104
(Before trial) (F)

__ 3. F03 Retransfer to Sup. Ct. c. 231, s. 102C (X)

__ 4. F04 District Court Appeal c. 231, s. 97 & 104 (After
trial) (X)

__ 5. F05 Reactivated after rescript; relief from
judgment/Order (Mass. R.Civ.P. 60) (X)

__ 6. E10 Summary Process Appeal

| CODE NO. | TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)<br>TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A01 | CONTRACT - Services | (F) | (Yes) |

The following is a full itemized and detailed statement of the facts on which plaintiff relies to determine money damages.  For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A.  Documented medical expenses to date.................................................................................................... $..

B.  Documented lost wages and compensation to date................................................................................ $..

C.  Documented property damages to date................................................................................................... $..

D.  Reasonably anticipated future medical and hospital expenses.............................................................. $..

E.  reasonably anticipated lost wages........................................................................................................... $..

F.  Other documented items of damages (describe).................................................................................... $..

G.  Brief description of plaintiff's injury, including nature and extent of injury (describe)............................ $..

TOTAL  $............

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):
The defendants have failed to make proper premium payments to the plaintiff following a settlement in another action.  This failure to pay has resulted in financial damages to the  plaintiff.

TOTAL $214,232.00

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I, hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _Mark R. Freitas_ _____ DATE: February 17, 2004

AOTC-6 MTC005-11/99
A.O.S.C. 1-2000

. HEREBY ATTEST AND CERTIFY ON

JUNE 7, 2004 , THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY:

ASSISTANT CLERK.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

SUPERIOR COURT DEPARTMENT
DOCKET NO. ~~2004-0407-H~~  *04-707-H*

FIREMAN'S FUND RISK MANAGEMENT )
SERVICES, INC., )
      Plaintiff )
)
vs. )
)
AJF WAREHOUSE DISTRIBUTORS INC., and )
XTRA CORPORATION, )
      Defendants )

*May 17 2004*
*Filed & Approved*
*By the Court, White, J.*
*Attest: Lorraine A. Antona*
*asst. Clerk*

## PLAINTIFF'S EMERGENCY MOTION TO APPOINT SPECIAL PROCESS SERVER

The plaintiff, Fireman's Fund Risk Management Services, Inc., moves, pursuant to Mass.

R. Civ. P. 4(c), to allow the appointment of Dewsnap Associates LLC, 92 State Street, Boston,

MA 02109, and the constables employed thereby, qualified persons over the age of 18, and not

parties to this action, as special process servers, authorized to serve all parties in this action.

As grounds for this Motion, the plaintiff states that the sheriff has stated that they cannot

complete service by the end of business on May 17, 2004, which would be the 90th day since the

filing of the Complaint. This appointment will allow such service to be timely.

I HEREBY ATTEST AND CERTIFY ON
JUNE 7, 2004 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

    MICHAEL JOSEPH DONOVAN
    CLERK / MAGISTRATE
    SUFFOLK SUPERIOR CIVIL COURT
    DEPARTMENT OF THE TRIAL COURT

By
    ASSISTANT CLERK.

Respectfully Submitted,
The Plaintiff,
Fireman's Fund Risk Management Services, Inc.,
By its Attorneys,

Mark A. Darling, BBO# 551285
Mark R. Freitas, BBO# 641205
Cogavin & Waystack
Two Center Plaza
Boston, MA 02108
(617) 742-3340



COMMONWEALTH OF MASSACHUSETTS                    $S-24$

SUFFOLK, SS.

SUFFOLK SUPERIOR COURT
DOCKET NO. 04-0704-H

---

FIREMAN'S FUND RISK MANAGEMENT
SERVICES, INC.,
    Plaintiff,

v.

AJF WAREHOUSE DISTRIBUTORS, INC. and
XTRA CORPORATION,
    Defendants.

---

## EMERGENCY EX-PARTE MOTION TO ENLARGE TIME FOR SERVICE

NOW COMES the plaintiff, Fireman's Fund Risk Management Services, Inc, pursuant to

Mass. R. Civ. P. 6(b)(2) and respectfully request the Court to extend the time to perfect service

by fifteen days (15), through and including June 1, 2004, beyond the original ninety (90) days,

and in support thereof states the following:

1.    The defendant, AJF Warehouse Distributors, Inc. is a Illinois corporation with principal

    offices in St. Louis, Missouri, with its resident agent being CT Corporation, 101 Federal

    Street, Boston, Massachusetts.

2.    The defendant, Xtra Corporation is a Delaware corporation with principal offices in

    Westport, Connecticut, with its resident agent being CT Corporation, 101 Federal Street,

    Boston, Massachusetts.

3.      The Complaint in this case was filed February 17, 2004 with the time for service expiring on May 17, 2004.

4.      On May 17, 2004, this Court allowed the plaintiff's Motion to Appoint a Special Process Server because the local sheriff could not perfect service by the close of business that day.

5.      Service was attempted on AJF Warehouse Distributors, Inc. on May 17, 2004, however, the premises was inaccessible during the normal business hours of 9:00 a.m. - 5:00 p.m. (Please see attached Summons and Proof of Service).

6.      Service was attempted on Xtra Corporation on May 17, 2004, however, the premises was inaccessible during the normal business hours of 9:00 a.m. - 5:00 p.m. (Please see attached Summons and Proof of Service).

7.      These factors are excusable neglect for the plaintiff's failure to perfect service within 90 days.

WHEREFORE, the plaintiff requests that this Court allow this Motion to Enlarge Time to Perfect Service to include an additional fifteen days (15), through and including June 1, 2004, beyond the original ninety (90) days to perfect service on defendant, AJF Warehouse Distributors, Inc., and Xtra Corporation, Inc.

Respectfully Submitted,
FIREMAN'S FUND RISK MANAGEMENT SERVICES,
INC.
BY ATTORNEYS
COGAVIN AND WAYSTACK

05|20|04
Date

Mark R. Freitas, BBO# 641205
Two Center Plaza
Boston, Massachusetts 02108
(617) 742-3340

. HEREBY ATTEST AND CERTIFY ON
JUNE 7, 2004 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY

ASSISTANT CLERK.

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 04-0704-H

Fireman's Fund Risk Management Services, Inc. Plaintiff(s)

v.

Xtra Corporation                                        Defendant(s)

## SUMMONS

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

To the above-named Defendant:

You are hereby summoned and required to serve upon Mark A. Darling, Esquire, Cogavin and Waystack plaintiff's attorney, whose address is Two Center Plaza, Boston, MA 02108 , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Boston, the ___17th___ day of May ___, in the year of our Lord two thousand and Four ___.

*Michael Joseph Donovan*

Clerk/Magistrate

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY. PLEASE CIRCLE TYPE OF ACTION INVOLVED

(1) TORT   (2) MOTOR VEHICLE TORT   (3) CONTRACT   (4) EQUITABLE RELIEF   (5) OTHER

FORM CIV.P. 1 3rd Rev.

**. HEREBY ATTEST AND CERTIFY ON**

**JUNE 7, 2004** , **THAT THE**

**FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.**

**MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT**

BY

**ASSISTANT CLERK.**

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 04-0704-H

Fireman's Fund Risk Management Services, Inc. Plaintiff(s)

v.

AJF Warehouse Distributors Inc. , Defendant(s)

*SUFFOLK SUPERIOR COURT*
*CIVIL CLERK'S OFFICE*
*2004 MAY 20 P 3:38*

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon Mark A. Darling, Esquire, Cogavin and Waystack plaintiff's attorney, whose address is 2 Center Plaza, Boston, MA 02108 , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Boston, the 17th day of May , in the year of our Lord two thousand and Four .

*Michael Joseph Donovan*

Clerk/Magistrate

NOTES.
1  This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2  When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

3  TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT    (2) MOTOR VEHICLE TORT    (3) CONTRACT    (4) EQUITABLE RELIEF    (5) OTHER

FORM CIV.P. 1 3rd Rev.

HEREBY ATTEST AND CERTIFY ON
JUNE 7, 2004 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY.

ASSISTANT CLERK.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No. 04-0700A-H

Fireman's Fund Risk Management Services, Inc Plff(s),

v.

AJF Warehouse Distributors, Inc. —————————, Deft(s).

(AFFIX FILING STAMP HERE)

SUMMONS
(Mass. R. Civ. P. 4)

---

PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____, 200__, I served a copy of the within summons,
together with a copy of the complaint in this action, upon the within-named defendant, in the following
manner (See Mass. R. Civ. P. 4 (d) (1-5):

Would Not accept; in Formed they are Not Agent
For Process.

Dated: _____ May 18, 2001 _____

_____

Special. Process Server & Disinterested Person

N.B.   TO PROCESS SERVER:–
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN
THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

May 18, 2001.

Attempted To serve on
May 17, 2001, they were
Closed - Door Locked @
4:45 pm