IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2004 JUN 30 P 3: 18

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| FIREMAN'S FUND RISK MANAGEMENT SERVICES, INC., <br> Plaintiff <br><br> vs. <br><br> AJF WAREHOUSE DISTRIBUTORS INC., and XTRA CORPORATION, <br> Defendants | Case No. 04-11212 NG |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

### I. INTRODUCTION

The defendants moved to dismiss the Complaint alleging that the plaintiff lacks the standing to bring this action and that the plaintiff has failed to state a claim upon which relief may be granted. The plaintiff, Fireman's Fund Risk Management Services, Inc. ("Fireman's Fund") states that it has standing to bring this action and has stated claims upon which relief may be granted. Accordingly, this Court should deny the defendants' motion to dismiss.

### II. ARGUMENT

#### A. The Plaintiff Has Standing To Bring This Action

In its Motion to Dismiss, the defendants contend that the Fireman's Fund lacks standing because it was not a party to the 1998 Agreement. **(Plaintiff's Motion to Dismiss, pg. 9)**. In support of their position, the defendants' cite Bonan v. United Pac. Ins. Co., 462 F.Supp. 869 (D.Mass. 1978), where it referenced the well settled law that an action on the contract must be brought by a party to the contract. In that case, the court held that where a developer's action was predicated on completion and settlement agreements between the general contractor and the

surety and where the developer was not a signatory to those agreements, the developer could not sue on them. This case, however, is quite different. Applying the terms as defined by the agreement itself in the Definitions Section, "The term 'INSURERS' means ROYAL and FIREMAN'S FUND." **(See Definitions, para. 2)**. "FIREMAN'S FUND" is further defined in that agreement to mean "Associated Indemnity Corporation and The American Insurance Company, and each of its representative predecessors, successors, subsidiaries, parent companies, sister companies, divisions, affiliates, joint ventures, partners, principals, officers, directors, employees, shareholders, stockholders, administrators, receivers, trustees, agents, representatives, and assigns." **(See Definitions, para. 1)**.

In this case, the plaintiff falls within the definition of "FIREMAN'S FUND", and consequently, "INSURERS." Where the subject agreement is between Xtra and the "INSURERS", as defined by the agreement, the plaintiff is a party to the agreement and, consequently, has standing to bring this action. Therefore, this Court should deny the defendants' Motion to Dismiss for lack of standing pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

Furthermore to the extent the precisely correct party has not been named, the clear remedy is for the Court to allow the plaintiff to amend the complaint to add the other Fireman's Fund entities as parties plaintiff. Pursuant to Fed. R. Civ. P. 15, such amendments are required to be allowed liberally. Foman v. Davis, 371 U.S. 178, 182 (1962).

**B.     The Plaintiff Has Stated a Claim upon Which Relief May Be Granted**

The defendants contend in their motion to dismiss, that they are protected by the settlement agreement and that, as a result, the plaintiff is barred from bringing this action. In support of their position, they refer to the release language in the agreement on page 7, paragraph

5, where INSURERS release XTRA for "any and all claims." However, the defendants fail to continue reading the same paragraph where such release is limited to "any and all claims...up to the date of this agreement." In fact, this exact circumstance, where Xtra would be responsible for premium adjustments, was considered at the time of the agreement and included language to that effect in the very same paragraph of the release language. The final sentence of paragraph 5 reads, "Notwithstanding the foregoing, this release shall not apply to change or modify any underwriting agreement between XTRA and FIREMAN'S FUND relating to the administration of claims asserted under policies which are the subject of this AGREEMENT." As the defendants properly assert in their Motion, such integration clauses are enforceable.

Despite the defendants' contention to the contrary, the logical reading of this language would conclude that FIREMAN'S FUND did negotiate the right to enforce their underwriting agreement and administer the claims according thereto. That is exactly what the plaintiff is attempting to do in this action: enforce the underwriting agreement with respect to the administration of claims. In this case, the plaintiff spread the defense costs to six policy years and applied six loss limits to the indemnity payment, one for each year. This activity generated an adjustment in the amount of $214,232.00, which are the damages in this case. Per the release language, the underwriting agreement is not changed or modified in any way as a result of the settlement. Consequently, XTRA is responsible for the adjustments made after the loss limits were reached. This was the understanding of the parties when the entered into the agreement and is the reason for the release-limiting language in paragraph 5. The defendants, however, offer no explanation as to the meaning of this additional language. Rather, they ask that it be ignored and the agreement be enforced as if this limiting language did not exist.

To the extent there is an ambiguity in the reading of the agreement, the interpretation of its language is a matter of law for the court. See Coll v. PB Diagnostic Sys., Inc., 50 F.3d 1115, 1122 (1st Cir.1995). In doing so, the Court is required to interpret the contract giving consideration to the situation of the parties when they made it and to what was sought to be accomplished by drafting the agreement. Albertini v. Summit Technical Services, Inc., 287 F.Supp.2d 92, 98 (D.Mass. 2003) (citations omitted). However, the parol evidence rule allows for extrinsic evidence concerning the terms of an ambiguous agreement. See Bowlby v. Carter Mfg. Corp., 138 F.Supp.2d 182, 188 (D.Mass. 2001), citing Kobayashi v. Orion Ventures, Inc., 42 Mass. App. Ct. 492, 496 (1997). In following the parol evidence rule, this issue is not ripe for a Motion to Dismiss. Consequently, to the extent there is any ambiguity, the interpretation of the release language, and the agreement generally, is untimely and not an issue presently before the Court; therefore, this Court should deny the defendants' Motion to Dismiss.

## III.   CONCLUSION

A court may grant dismissal only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." Roeder v. Alpha Indus., Inc., 814 F.2d 22, 25 (1st Cir.1987) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In this case, the plaintiff has presented "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir.1997) (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir.1988)). For these reasons, the plaintiff, Fireman's Fund Risk Management Services, Inc., respectfully requests that this Court deny the defendants' Motion to Dismiss.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), the plaintiff respectfully requests to be heard on oral argument.

Respectfully Submitted,
The Plaintiff,
Fireman's Fund Risk Management Services, Inc,
By its Attorneys,

*Mark R. Freitas*

Mark A. Darling, BBO# 551285
Mark R. Freitas, BBO# 641205
Cogavin & Waystack
Two Center Plaza
Boston, MA 02108
(617) 742-3340

## CERTIFICATE OF SERVICE

    I, Mark R. Freitas, hereby certify that on this 30th day of June 2004, I served a copy of the attached Plaintiff's Opposition to Defendants' Motion to Dismiss by mailing a copy of same, first-class mail, postage prepaid to counsel of record:

Jeffrey W. Moss,
Morgan, Lewis & Bockius, LLP
225 Franklin Street, Suite 1705
Boston, MA 02110
(617) 451-9700

Michael F. Healy, *pro hac vice*
Morgan, Lewis & Bockius, LLP
1111 Pennsylvania Ave, NW
Washington, DC 20004
(202) 739-3300

*/s/ Mark R. Freitas*
Mark R. Freitas