IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| FIREMAN'S FUND RISK MANAGEMENT SERVICES, INC., ) ) ) ) Plaintiff, ) ) v. ) ) AJF WAREHOUSE DISTRIBUTORS ) INC. and XTRA CORPORATION, ) ) Defendants. ) | CASE No. 04-11212 NG |

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
MOTION FOR LEAVE TO AMEND COMPLAINT AND REPLY IN SUPPORT
OF THE MOTION OF DEFENDANTS TO DISMISS PLAINTIFF'S COMPLAINT**

**I.    INTRODUCTION**

Defendants, AJF Warehouse Distributors Inc. ("AJF") and XTRA Corporation ("XTRA"), through their attorneys, hereby submit this opposition to Plaintiff's motion for leave to amend complaint and reply in support of their motion to dismiss Plaintiff's complaint.

As set forth below, Defendant's motion to dismiss should be granted because Plaintiff in its opposition has failed to demonstrate that it has standing to assert the claims of Associated Indemnity Corporation and The American Insurance Company (collectively "the Insurers") against the Defendants for $214,000 in retrospective insurance premiums that Defendants allegedly failed to pay over six years ago. Contrary to Plaintiff's assertions, the Settlement Agreement and Release ("Settlement Agreement") entered into by XTRA and the Insurers in February of 1998 provides no basis for Plaintiff to assert a claim against Defendants. Any such

1-BO/100291.1

claim must be based on the insurance policies themselves -- policies to which Plaintiff is not a party.

In addition, the Defendants' motion to dismiss should also be granted because the Settlement Agreement clearly establishes that the parties resolved all claims then existing or "which may exist in the future" between Defendants and the Insurers related to the environmental claims that were the subject of the insurance dispute. For the same reason, Plaintiff's attempt to remedy its lack of standing by seeking leave to amend to add the Insurers as Plaintiffs is futile. As such, Plaintiff's motion to amend should be denied and the case should be dismissed.

## II.     ARGUMENT

### A.     PLAINTIFF DOES NOT HAVE STANDING TO SUE DEFENDANTS FOR BREACH OF CONTRACT.

The responsibility for "clearly and specifically set[ting] forth the facts sufficient to satisfy Article III standing requirements rests with the claimant." *Adams v. Watson*, 10 F.3d 915, 919 (1st Cir. 1993); *Cotter v. City of Boston*, 323 F.3d 160, 166 (1st Cir. 2003) ("The standing inquiry requires careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted."). Here, Plaintiff has not pled, or otherwise shown in its opposition, that it is a party to the retrospective premium plan that is endorsed to the policies issued by the Insurers to the Defendants, nor that it is an assignee of either of the Insurers' rights and claims under these policies. Instead, Plaintiff argues that its right to prosecute this action is derived from the definition of FIREMAN'S FUND found in the Settlement Agreement. This argument is without merit.

Plaintiff's claim for breach of contract is not based on the Settlement Agreement, but rather on alleged "retrospective provisions" of insurance policies to which it is not a party. *E.g.*, Complaint, ¶¶ 5, 14. Plaintiff raises the Settlement Agreement in its Complaint in an attempted to end run around the defense that the Settlement Agreement provides Defendants against claims by the Insurers or any other Fireman's Fund entity. Associated Indemnity Corporation and The American Insurance Company are the insurers who issued the insurance contracts, which includes the retrospective premium endorsement plan, to Defendants. The Settlement Agreement does not provide a basis for any claim by Plaintiff and thus whether or not Plaintiff is included within the definition of Fireman's Fund in the Settlement Agreement is irrelevant to whether Plaintiff has standing to bring this action. Whether Plaintiff may be properly characterized as an affiliated company is academic because it is clear that plaintiff is asserting rights and interests, other than its own, without any showing that it has a right to do so. Thus, even if Plaintiff is an affiliated company of the Insurers, which has not been shown, Plaintiff nonetheless has not explained the basis for why it has standing to prosecute this action on their behalf. Accordingly, Defendants' motion to dismiss on standing should be granted.

**B.     PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT WOULD BE FUTILE.**

Plaintiff argues that if it is not the proper party, then leave should be granted to amend the complaint to add the Insurers who are the actual parties to the policies, and thus the real parties in interest. Although leave to amend "shall be freely given when justice so requires," Fed.R.Civ.P. 15(a), a district court may deny such a request where an amendment would be futile or would serve no legitimate purpose. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962); *Hatch v. Dep't. for Children, Youth & Their Families*, 274 F.3d 12, 19 (1st Cir. 2001)

("Amendment is not deemed futile as long as the proposed amended complaint sets forth a general scenario which, if proven, would entitle the plaintiff to relief against the defendant on some cognizable theory.").

Here, allowing an amendment would be futile inasmuch as the proposed amendment suffers from the same defects as the original complaint. Although the proposed amendment would substitute plaintiffs and arguably cure the standing problem, the breach of contract claim is based on the same facts which, as stated in Defendants' motion to dismiss and this instant opposition, fail to state a claim upon which relief can be granted. Accordingly, under these circumstances, Rule 15(a)'s pronouncement that amendments be freely given is not applicable.

The Settlement Agreement makes clear that it was intended "to fully and finally settle and resolve all claims, disputes, questions and differences now existing and which may exist in the future between and among the parties arising out of or in any way connected with, *inter alia*, the underlying [environmental claims]." (Attachment A to Defendant's Memorandum in Support of Motion to Dismiss, page 5)  In its opposition, however, Plaintiff argues that the terms of the Settlement Agreement preserved FIREMAN'S FUND'S right to collect additional premiums not only on claims that are not subject to the Settlement Agreement and Release, but also on the very claims that were released in the settlement.

In its simplest terms, Plaintiff argues that once FIREMAN'S FUND paid the settlement amount to Defendants to resolve Defendants' coverage claims and claims for bad faith, interest and attorneys' fees, this settlement imposed an obligation on defendants to pay back to

FIREMAN'S FUND a portion of the settlement as a retrospective premium adjustment.[1/] This position is unsupported by the clear language of the Agreement "to fully and finally settle" all claims "now existing or which may exist in the future" and "in any way connected with" the environmental claims that were the subject of the Agreement.

Despite the highly deferential reading which the Court will accord Plaintiff's complaint under Rule 12(b)(6), the rule does not entitle plaintiff to rest on "subjective characterizations" or conclusory designations of "a general scenario which could be dominated by unpleaded facts." *Dewey v. Univ. of New Hampshire*, 694 F.2d 1, 3 (1st Cir. 1982), *cert. denied*, 461 U.S. 944, 103, S.Ct. 2121 (1983). Therefore, Defendants' motion to dismiss should be granted and Plaintiff's motion for leave to amend should be denied as futile.

---

1/   How Plaintiff could have "spread the defense costs to six policy years," Plaintiff's Opposition at 3, is inconceivable given that the Settlement Agreement did not identify what constituted defense costs but provided for a lump sum that covered defense costs, bad faith claims, interest and attorney's fees incurred in prosecuting the coverage claims against the Insurers.

## III.  CONCLUSION

For the reasons set forth herein and in Defendants' Motion to Dismiss, AJF Warehouse distributors, Inc. and XTRA Corporation respectfully request that this Court grant their motion to dismiss and deny Plaintiff's motion to amend complaint.

        Respectfully submitted,

        AJF Warehouse Distributors Inc.
        XTRA Corporation
        By Their Attorneys,


        */s/ Jeffrey W. Moss*
        Jeffrey W. Moss, BBO# 552421
        Morgan, Lewis & Bockius LLP
        225 Franklin Street, Suite 1705
        Boston, Massachusetts   02110
        Tel:     617.451.9700
        Fax:    617.451.9710
        Email: jmoss@morganlewis.com


        */s/ Michael F. Healy*
        Michael F. Healy, D.C. Bar No. 940221
        Morgan, Lewis & Bockius LLP
        1111 Pennsylvania Avenue, N.W.
        Washington, D.C.  20004
        Tel:     202.739.3000
        Fax:    202.739.3001
        Email: mhealy@morganlewis.com

Dated:  July 14, 2004