UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                   )
FIREMAN'S FUND RISK                )
MANAGEMENT SERVICES, INC.,         )
ASSOCIATED INDEMNITY               )
CORPORATION and THE AMERICAN       )
INSURANCE COMPANY,                 )
                                   )
        Plaintiffs,                )
                                   )
    v.                             )   CASE NO.  04-11212 NG
                                   )
AJF WAREHOUSE DISTRIBUTORS         )
INC. and XTRA CORPORATION,         )
                                   )
        Defendants.                )
_____)

**ANSWER, AFFIRMATIVE DEFENSES
AND COUNTERCLAIM OF THE DEFENDANTS**

Defendants, AJF Warehouse Distributors Inc. and XTRA Corporation ("Defendants"), by and through their counsel, hereby file their Answer, Affirmative Defenses and Counterclaim in response to Plaintiffs' Amended Complaint. Numbered paragraphs in the Answer, below, correspond to the numbered paragraphs in the Amended Complaint.

**PARTIES**

1.   Defendants admit Fireman's Fund Risk Management Services, Inc. is a California corporation. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining matters asserted in Paragraph 1, and the allegations are therefore denied.

2.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 2, and the allegations are therefore denied.

3. Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 3, and the allegations are therefore denied.

4. Denied in part. AJF is an Illinois corporation with its principal place of business in St. Louis, Missouri. Defendants admit the remaining matters asserted in Paragraph 4.

5. Admitted.

## COUNT I -- BREACH OF CONTRACT

6. Defendants admit XTRA is an insured on five policies issued by Associated Indemnity Corporation for the 10/1/78-10/1/83 policy periods, and on one policy issued by The American Insurance Company for the 10/1/83-10/1/84 policy period. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining matters asserted in Paragraph 6, and the allegations are therefore denied.

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 7, and the allegations are therefore denied.

8. Admitted

9. Defendants admit there were two settlements between XTRA and its insurers, Associated Indemnity Corporation and American Insurance Company. Defendants deny any settlement with plaintiff, Fireman's Fund Risk Management Services, Inc.

10. Admitted.

11. Admitted.

12. Admitted.

13. Insofar as Paragraph 13 refers to a writing that speaks for itself, no responsive pleading is required. To the extent that allegations are construed with, or different from, the actual written document, the allegations are denied.

    14.    Denied.

    15.    Defendants admit that XTRA was represented by counsel in connection with the preparation of the Settlement Agreement and Release. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining matters asserted in Paragraph 15, and the allegations are therefore denied.

    16.    Denied.

    17.    Denied.

    18.    Denied.

    19.    Denied

    20.    Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff, Fireman's Fund Risk Management Services, Inc. lacks standing to bring this action.

### Third Affirmative Defense

Plaintiffs are barred from recovery because this action was not commenced within the applicable statute of limitations.

### Fourth Affirmative Defense

By executing the 1998 Settlement Agreement and Release, Plaintiffs duly released Defendants and forever discharged them from any retrospective premium obligations relating to the settlement of the Alderman action.

### Fifth Affirmative Defense

The 1998 Settlement Agreement and Release represents a full accord and satisfaction of any and all claims relating to the Alderman action.

### Sixth Affirmative Defense

The parties, for good and valuable consideration, mutually agreed to a settlement of any and all claims, now existing or which may exist in the future, relating to the Alderman action, and the Defendants have fully performed the terms of the agreement.

### Seventh Affirmative Defense

Before this action was commenced, Plaintiffs executed the 1998 Settlement Agreement and Release with the Defendants, in which the Plaintiffs covenanted that they were releasing all claims relating to the Alderman action, and the present action is a breach of the covenant.

### Eighth Affirmative Defense

Plaintiffs are estopped from obtaining any relief in this action by reason of their entering into a settlement and release with Defendants, the stated purpose of which was to resolve all claims relating to the Alderman action, and, as a result, Defendants executed the settlement agreement and release, to their detriment.

### Ninth Affirmative Defense

The 1998 Settlement Agreement and Release was entered into by the parties as a result of mutual mistake as to a material fact.

### Tenth Affirmative Defense

The Amended Complaint is barred by estoppel, laches or waiver.

### Eleventh Affirmative Defense

Plaintiffs' claims are wholly insubstantial, frivolous and not advanced in good faith and, therefore, Defendants reserve their right to seek remedies pursuant to M.G.L. c. 231 § 6F.

### Twelfth Affirmative Defense

Defendants hereby reserve their right to assert additional defenses as discovery proceeds.

WHEREFORE, Defendants, AJF Warehouse Distributors Inc. and XTRA Corporation pray for a judgment:

1. That Plaintiffs' Amended Complaint be dismissed with prejudice;

2. That all relief requested by Plaintiffs be denied, and that judgment is entered for Defendants;

3. Awarding Defendants reasonable attorneys' fees and costs in this action; and

4. Awarding Defendants such other and further relief as this Court may deem just and proper.

### COUNTERCLAIM

Counterclaim-Plaintiffs, AJF Warehouse Distributors Inc. and XTRA Corporation (collectively, "XTRA") for their Counterclaim state as follows:

### JURISDICTION

1. This is an action for declaratory judgment, breach of contract, misrepresentation, breach of the covenant of good faith and fair dealing and violation of G.L. c. 93A §§ 2, 11.

2. This Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1332 and Fed.R.Civ.P. 13(a), without waiver of any of XTRA's affirmative defenses to the Amended Complaint.

## VENUE

3. Venue is proper under 28 U.S.C. § 1391(a).

## PARTIES

4. AJF Warehouse Distributors Inc. is an Illinois corporation with its principal place of business in St. Louis, Missouri.

5. XTRA Corporation is a Delaware corporation with a principal place of business in St. Louis, Missouri.

6. On information and belief based on assertions contained in Paragraphs 1 through 3 of the Amended Complaint, Associated Indemnity Corporation and The American Insurance Company ("Insurers") are each California corporations either licensed or approved to do business or are doing business in the Commonwealth of Massachusetts.

## EXISTENCE OF JUSTICIABLE CONTROVERSY

7. There exists a justiciable controversy between the parties concerning the validity of the Insurers' assertion that monies are due under the retrospective premium plan as set forth in the Amended Complaint and in the Answer and Affirmative Defenses to that Amended Complaint set forth above.

## I.
## DECLARATORY JUDGMENT CLAIM

8. XTRA incorporates by reference and realleges the allegations of Paragraphs 1-7 of the Counterclaim as though fully set forth herein.

9. By executing the 1998 Settlement Agreement and Release, the parties mutually promised and covenanted that they were resolving any and "all claims, disputes, questions and differences now existing and which may exist in the future between and among the parties arising out of or in any way connected with" the Alderman action.

10. The Insurers' alleged right to recover retrospective premiums relating to the Alderman action, which XTRA denies, was therefore released by the express and unambiguous terms of the 1998 Settlement Agreement and Release.

11. The Insurers paid $436,023.75 to settle XTRA's claims against its Insurers for (1) attorneys' fees and costs paid to defend the Alderman action; (2) settlement of the Alderman action; (3) attorneys' fees paid by XTRA prosecuting its coverage claims against the Insurers; and (4) damages for bad faith and unfair claims practices. The Settlement Agreement and Release does not allocate the settlement among these categories of claims and damages.

12. The Insurers now demand a return of $247,858 of the settlement as an alleged adjusted retrospective premium based on this settlement.

13. The Insurers seek recovery for this alleged additional premium based on their settlement of XTRA's claims for reimbursement of its costs paid to defend and settle the Alderman action. The alleged premium is also based on the settlement of XTRA's claims for reimbursement of attorneys' fees incurred in prosecuting its coverage claims against its Insurers and its damages relating to the Insurers' bad faith and unfair claims practices, none of which would be subject to the retrospective premium plan.

14. As a result, there exists an actual and justiciable controversy between the parties as to the propriety of the Insurer' actions, for which XTRA requires a declaratory judgment in their favor.

## II.
## BREACH OF SETTLEMENT AGREEMENT

15.     XTRA incorporates by reference and realleges the allegations of Paragraphs 1-14 of the Counterclaim as though fully set forth herein.

16.     The present action constitutes a breach of the covenants and promises made by the Insurers in that the 1998 Settlement Agreement and Release resolved all claims now existing, or which may exist in the future, between the parties.

17.     As a result, XTRA has been damaged by virtue of such breach in an amount to be determined at trial.

## III.
## BREACH OF THE COVENANT
## OF GOOD FAITH AND FAIR DEALING

18.     XTRA incorporates by reference and realleges the allegations of Paragraphs 1-17 of the Counterclaim as though fully set forth herein.

19.     The 1998 Settlement Agreement and Release is the result of negotiations between the parties, wherein the parties expressed their good faith intention to resolve all present and future claims relating to XTRA's claims for coverage for the Alderman action, as well as its claims for bad faith and unfair claims practices against its Insurers.

20.     Expressed in the parties' mutual agreement to resolve the dispute and resolve all claims, both present and future, was the covenant of good faith and fair dealing.  This covenant is memorialized in the very terms of the 1998 Settlement Agreement and Release.

21.     In addition to such express duty of good faith, the Insurers owed implied covenants of good faith and fair dealing to XTRA based on their insurer/insured relationship.

22.     By initiating this action, the Insurers have breached these covenants.

23. As a result of the Insurers' breaches of both the express covenant of good faith and the implied covenants of good faith and fair dealing, XTRA has been damaged in an amount to be determined at trial.

## IV.
## MISREPRESENTATION

24. XTRA incorporates by reference and realleges the allegations of Paragraphs 1-23 of the Counterclaim as though fully set forth herein.

25. XTRA entered into the 1998 Settlement Agreement with the Insurers with the belief that the settlement would resolve all claims between the parties relating to the Alderman action.

26. At no time did the Insurers disclose to XTRA that it was their intention to seek retrospective premiums from XTRA arising out of this settlement.

27. The Insures had a duty to disclose to XTRA that it was their intention to seek such premiums.

28. The Insurers deliberately and/or negligently withheld and failed to disclose their intention to seek retrospective premiums from XTRA in connection with their settlement of the Alderman action.

29. This nondisclosure constitutes a material misrepresentation as to the Insurers' intentions regarding the scope of the settlement and XTRA relied on this misrepresentation to its detriment.

30. As a result, XTRA has been damaged by virtue of such misrepresentation in an amount to be determined at trial.

## V.
## RESCISSION OF SETTLEMENT
## AGREEMENT -- MUTUAL MISTAKE

31. XTRA incorporates by reference and realleges the allegations of Paragraphs 1-30 of the Counterclaim as though fully set forth herein.

32. XTRA and the Insurers entered into the 1998 Settlement Agreement and Release to resolve all claims regarding the Alderman action.

33. Subsequent to the execution of the 1998 Settlement Agreement and Release and the Insurers' payment of the settlement to XTRA, the Insurers sought retrospective premiums from XTRA based on the settlement paid to XTRA.

34. XTRA reasonably believed that the 1998 Settlement Agreement and Release released and resolved all claims between the parties. If the Agreement is otherwise construed, then XTRA will be denied the benefit of the settlement and, therefore, rescission of the 1998 Settlement Agreement is appropriate.

35. As a result, XTRA is entitled to rescission of the 1988 Settlement Agreement and Release or rescissionary damages in an amount to be determined at trial.

## VI.
## UNFAIR TRADE PRACTICES

36. XTRA incorporates by reference and realleges the allegations of Paragraphs 1-35 of the Counterclaim as though fully set forth herein.

37. At all times relevant, the Insurers were engaged in the trade or business of insurance, including administering and handling claims thereunder.

38. The acts of the Insurers set forth above are in violation of G.L. c. 176D, § 3 and constitute unfair and deceptive acts under G.L. c. 93A, §§ 2, 11.

39.     The Insurers' violations of G.L. c. 176D, § 3 and 93A, §§ 2, 11 were willful and made knowingly.

40.     As a result of the Insurers' unfair and deceptive acts, XTRA has been damaged in an amount to be determined at trial.

### **REQUEST FOR RELIEF ON COUNTERCLAIM**

WHEREFORE, AJF Warehouse Distributors Inc. and XTRA Corporation pray for a judgment:

1.      That Plaintiffs' Amended Complaint be dismissed with prejudice;

2.      Declaring that the 1998 Settlement Agreement and Release resolved all present and future claims, including claims for retrospective premiums, arising out of the Alderman action, and entering a declaratory judgment that the Insurers are estopped from asserting that they have a right to any such premium;

3.      Awarding rescission of the 1998 Settlement Agreement and Release or rescissionary damages to AJF Warehouse Distributors Inc. and XTRA Corporation;

4.      Awarding them damages for the foregoing counterclaims in an amount to be determined at trial;

5.      Finding that the Insurers have committed willful violations of M.G.L. c. 93A, §§ 2,11 and 176D, § 3 and award AJF Warehouse Distributors Inc. and XTRA Corporation treble damages and attorneys' fees;

6.      Awarding AJF Warehouse Distributors Inc. and XTRA Corporation reasonable attorneys' fees and costs of this action; and

7.     Awarding AJF Warehouse Distributors Inc. and XTRA Corporation such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Defendants, AJF Warehouse Distributors Inc. and XTRA Corporation demand a trial by jury on all issues so triable.

>
> Respectfully submitted,
>
> AJF Warehouse Distributors Inc.
> XTRA Corporation
> By Their Attorneys,
>
>
> */s/ Jeffrey W. Moss*
> Jeffrey W. Moss, BBO# 552421
> Morgan, Lewis & Bockius LLP
> 225 Franklin Street, Suite 1705
> Boston, Massachusetts   02110
> Tel:    617.451.9700
> Fax:    617.451.9710
> Email: jmoss@morganlewis.com
>
>
> */s/ Michael F. Healy*
> Michael F. Healy, D.C. Bar No. 940221
> Morgan, Lewis & Bockius LLP
> 1111 Pennsylvania Avenue, N.W.
> Washington, D.C.  20004
> Tel:    202.739.3000
> Fax:    202.739.3001
> Email: mhealy@morganlewis.com

Dated:  October 20, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Answer, Affirmative Defenses and Counterclaim of the Defendants* has been forwarded *via* U.S. mail to the following counsel of record on October 20, 2004.

>Mark A. Darling, Esq.
>Cogavin & Waystack
>Two Center Plaza
>Boston, Massachusetts   02109

>*/s/ Jeffrey W. Moss*
>Jeffrey W. Moss

1-BO/100409.1