IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FIREMAN'S FUND RISK MANAGEMENT SERVICES, INC., ASSOCIATED INDEMNITY CORPORATION, and THE AMERICAN INSURANCE COMPANY,<br>   Plaintiffs<br><br>vs.<br><br>AJF WAREHOUSE DISTRIBUTORS INC., and XTRA CORPORATION,<br>   Defendants | Case No. 04-11212 NG |

## ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANTS' COUNTERCLAIM

NOW COME the plaintiffs/defendants-in-counterclaim, Firemans' Fund Risk Management Services, Inc., Associated Indemnity Corporation, and The American Insurance Company, (collectively referred herein as "Fireman's"), and hereby file their Answer and Affirmative Defenses in response to defendants' counterclaim, paragraph by paragraph, as follows:

### JURISDICTION

1.  Defendants-in-counterclaim are advised by counsel and therefore aver that the allegations contained in Paragraph 1 of the counterclaim are matters of law to which no responsive pleading is required, and accordingly, these allegations are neither admitted nor denied and proof is demanded at the time of trial. To the extent the allegations contained in Paragraph 1 are construed to be allegations of fact, they are denied.

2.  Defendants-in-counterclaim are advised by counsel and therefore aver that the allegations

contained in Paragraph 2 of the counterclaim are matters of law to which no responsive pleading is required, and accordingly, these allegations are neither admitted nor denied and proof is demanded at the time of trial. To the extent the allegations contained in Paragraph 2 are construed to be allegations of fact, they are denied.

## VENUE

3. Defendants-in-counterclaim are advised by counsel and therefore aver that the allegations contained in Paragraph 3 of the counterclaim are matters of law to which no responsive pleading is required, and accordingly, these allegations are neither admitted nor denied and proof is demanded at the time of trial. To the extent the allegations contained in Paragraph 3 are construed to be allegations of fact, they are denied.

## PARTIES

4. The defendants-in-counterclaim are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint, and accordingly, deny these allegations and demand proof thereof at the time of trial.

5. Denied as stated. It is admitted only that XTRA Corporation is a Delaware corporation. The remaining allegations of this paragraph of the counterclaim are denied.

6. Admitted.

## EXISTENCE OF JUSTICIABLE CONTROVERSY

7. The allegations contained in Paragraph 7 consist merely of opinion or representations of law, and, consequently, do not pertain to the defendants, and accordingly, no response is required. To the extent the allegations contained in Paragraph 7 are construed to be allegations of fact, they are denied.

## COUNT I - DECLARATORY JUDGMENT CLAIM

8.  The defendants-in-counterclaim re-aver their answers to paragraphs 1 through 7 inclusive of the counterclaim as if set forth fully herein.

9.  Admitted.

10. Denied.

11. Denied as stated. It is admitted only that the defendants-in-counterclaim paid money to settle claims including indemnity and defense costs and that the 1998 Settlement Agreement does not allocate the settlement among any categories of claims and damages. The remaining allegations of this paragraph of the counterclaim are denied.

12. Admitted.

13. Denied as stated. It is admitted only that recovery for the retrospective premium is based on the settlement of XTRA's claims, including indemnity and defense costs. The remaining allegations of this paragraph of the counterclaim are denied.

14. Denied as stated. It is admitted only that an actual and justiciable controversy exists between the parties. The remaining allegations of this paragraph of the counterclaim are denied.

## COUNT II - BREACH OF SETTLEMENT AGREEMENT

15. The defendants-in-counterclaim re-aver their answers to paragraphs 1 through 14 inclusive of the counterclaim as if set forth fully herein.

16. The allegations contained in Paragraph 16 consist merely of opinion or representations of law, and, consequently, do not pertain to the defendants-in-counterclaim, and accordingly, no response is required. To the extent the allegations contained in Paragraph 16 are construed to be allegations of fact, they are denied.

17. Defendants-in-counterclaim are advised by counsel and therefore aver that the allegations

contained in Paragraph 17 of the Complaint are matters of law to which no responsive pleading is required, and accordingly, these allegations are neither admitted nor denied and proof is demanded at the time of trial. To the extent the allegations contained in Paragraph 17 are construed to be allegations of fact, they are denied.

### COUNT III - BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

18. The defendants-in-counterclaim re-aver their answers to paragraphs 1 through 17 inclusive of the counterclaim as if set forth fully herein.

19. Denied as stated. It is admitted only that the 1998 Settlement Agreement and Release is the result of negotiations between the parties. The remaining allegations of this paragraph of the counterclaim are denied.

20. Admitted.

21. Defendants-in-counterclaim are advised by counsel and therefore aver that the allegations contained in Paragraph 21 of the Complaint are matters of law to which no responsive pleading is required, and accordingly, these allegations are neither admitted nor denied and proof is demanded at the time of trial. To the extent the allegations contained in Paragraph 21 are construed to be allegations of fact, they are denied.

22. Denied.

23. Denied.

### COUNT IV - MISREPRESENTATION

24. The defendants-in-counterclaim re-aver their answers to paragraphs 1 through 23 inclusive of the counterclaim as if set forth fully herein.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

## COUNT V - RECISION OF SETTLEMENT AGREEMENT – MUTUAL MISTAKE

31. The defendants-in-counterclaim re-aver their answers to paragraphs 1 through 30 inclusive of the counterclaim as if set forth fully herein.

32. Denied as stated. It is admitted only that XTRA and Insurers entered into the 1998 Settlement Agreement and Release. The remaining allegations of this paragraph of the counterclaim are denied.

33. Admitted.

34. Denied.

35. Denied.

## COUNT VI - UNFAIR TRADE PRACTICES

36. The defendants-in-counterclaim re-aver their answers to paragraphs 1 through 35 inclusive of the counterclaim as if set forth fully herein.

37. Admitted.

38. Denied.

39. Denied.

40. Denied.

## REQUEST FOR RELIEF ON COUNTERCLAIM

Answering defendants-in-counterclaim are advised by counsel and therefore aver that the allegations contained in the "Request for Relief on Counterclaim" do not require a response, and

accordingly, these allegations are neither admitted nor denied and proof is demanded at the time of trial. To the extent the allegations contained in the "Request for Relief on Counterclaim" are construed to be allegations of fact pertaining to the answering defendants-in-counterclaim, they are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The defendants-in-counterclaim say that the counterclaim fails to state a claim against the defendants-in-counterclaim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The defendants-in-counterclaim had discussions with the plaintiff-in-counterclaim about the issue of retrospective premiums before entering into the 1998 Settlement and Release.

### THIRD AFFIRMATIVE DEFENSE

The defendants-in-counterclaim negotiated the right to secure payment on these retrospective premiums in the 1998 Settlement Agreement and Release.

### FOURTH AFFIRMATIVE DEFENSE

In entering into the 1998 Settlement Agreement and Release, the plaintiffs-in-counterclaim had full knowledge of the exposure under the retrospective premium endorsements applicable.

### FIFTH AFFIRMATIVE DEFENSE

This action is barred in whole or in part by estoppel, waiver and/or laches.

### SIXTH AFFIRMATIVE DEFENSE

The plaintiffs-in-counterclaim come before this Court with unclean hands, and therefore may not recover on its counterclaims.

## SEVENTH AFFIRMATIVE DEFENSE

Pursuant to G.L. c. 231, § 6F, all or substantially all of the claims set forth in the counterclaim, whether of a factual, legal or mixed nature, made by the plaintiffs-in-counterclaim in this case are wholly insubstantial, frivolous and not advanced in good faith. Accordingly, the defendants-in-counterclaim are entitled to an award of reasonable counsel fees and other costs and expenses incurred in defending against such claims.

## EIGHTH AFFIRMATIVE DEFENSE

The defendants-in-counterclaim intend to add and rely upon such other and further defenses as may become apparent during the discovery process in this action, and reserve the right to amend their answer to assert such defenses.

## JURY DEMAND

The plaintiffs/defendants-in-counterclaim, Fireman's Fund Risk Management Services, Associated Indemnity Corporation, and The American Insurance Company, demand a trial by jury on all issues so triable.

Respectfully Submitted,
The plaintiffs/defendants-in-counterclaim,
Fireman's Fund Risk Management Services,
Associated Indemnity Corporation, and
The American Insurance Company,
By their Attorneys,

/s/ Mark R. Freitas
Mark A. Darling, BBO# 551285
Mark R. Freitas, BBO# 641205
Cogavin & Waystack
2 Center Plaza
Boston, MA 02108
(617) 742-3340

## CERTIFICATE OF SERVICE

    I, Mark R. Freitas, hereby certify that on this 14th day of December 2004, I served a copy of the attached document Answer and Affirmative Defenses to Defendants' Counterclaim, by mailing a copy of same, first-class mail, postage prepaid to counsel of record:

| | |
|---|---|
| Jeffrey W. Moss, | Michael F. Healy, *pro hac vice* |
| Morgan, Lewis & Bockius, LLP | Morgan, Lewis & Bockius, LLP |
| 225 Franklin Street, Suite 1705 | 1111 Pennsylvania Ave, NW |
| Boston, MA 02110 | Washington, DC 20004 |
| (617) 451-9700 | (202) 739-3300 |

/s/ Mark R. Freitas
Mark R. Freitas