**COGAVIN AND WAYSTACK**
ATTORNEYS AT LAW
ONE CENTER PLAZA
BOSTON, MASSACHUSETTS 02108

TELEPHONE (617) 742-3340

FACSIMILE (617) 723-7563

WRITER'S INFORMATION:
ROGER J. DONAHUE, JR., ESQUIRE
EXTENSION 216
EMAIL: RJD@COGWAY.COM

June 23, 2006

Civil Clerk
United States District Court
One Courthouse Way
Boston, MA 02109

      RE:    **American Insurance v. AJF Industries**
              United States District Court
              Docket #:    04-11212 NG
              C&W File #:   164-14657

Dear Sir/Madam:

     Enclosed for filing, please find the Pretrial Memorandum of the Plaintiffs relative to the above referenced civil action.

     The parties have made progress relative to a possible settlement of this mater and the attorneys will continue to channel their efforts to try to resolve the case prior to the Pretrial Conference scheduled for Tuesday, June 27, 2006. Accordingly, the parties respectfully reserve the right to supplement this Memorandum relative to stipulations, a joint exhibit list, and its claims and defenses prior to trial.

                                                Very truly yours,

                                               ***Roger J. Donahue, Jr.***

                                               Roger J. Donahue, Jr.

RJD:bpm
Enclosure
cc:    Jeffrey W. Moss, Esquire
        Michael F. Healy, *pro hac vice*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FIREMAN'S FUND RISK MANAGEMENT SERVICES, INC., ASSOCIATED INDEMNITY CORPORATION and THE AMERICAN INSURANCE COMPANY,<br>    Plaintiffs,<br><br>v.<br><br>AJF WAREHOUSE DISTRIBUTORS, INC., AND XTRA CORPORATION,<br>    Defendants. | Case No. 04-11212 NG |

**PRETRIAL MEMORANDUM OF THE PLAINTIFFS**

Now come the plaintiffs, Fireman's Fund Risk Management Services, Inc., Associated Indemnity Corporation and The American Insurance Company, hereinafter referred to collectively as "Fireman's Fund" and "plaintiffs," and submit the following Pretrial Memorandum in accordance with this Honorable Court's Order dated June 15, 2006:

**1.  Trial Counsel**

Trial counsel for the plaintiffs will be Roger J. Donahue, Jr., Esquire, Cogavin and Waystack, One Center Plaza, Boston, Massachusetts 02108 (work #: 617-742-3340; fax #: 617-723-7563; cellular phone #: 617-519-5453; email: rdonahue@cogway.com).

2

**2. Jury Trial**

The plaintiffs and defendants have demanded a jury trial, however, the plaintiffs would consider waiving a jury trial under the appropriate circumstances.

**3. Summary of Plaintiffs' Positions Relative to Liability and Damages**

This is a contract action brought by the plaintiffs to recover outstanding insurance premiums from the defendants (hereinafter referred to collectively as "XTRA") in the amount of Two Hundred Forty-Seven Thousand Eight Hundred Fifty-Eight Dollars ($247,858.00) in accordance with its Retrospective Premium Endorsement Plan.

A.     Liability

XTRA is an additional insured named on six policies of insurance issued by Fireman's Fund in this Commonwealth between October 1978 and October 1984. Of the six policies, three have open retrospective payment programs.

In 1991, XTRA became involved in a dispute concerning soil and ground water contamination at the Edgerton Sand and Gravel Landfill ("ES&G Landfill") and neighboring property in the State of Wisconsin. The dispute resulted in two (2) settlements between Fireman's Fund and XTRA.

The first settlement occurred in June 1995 involving a demand made by the Wisconsin Department of Natural Resources that XTRA clean-up its environmental contamination at a highway tractor facility and the ES&G Landfill. Before the settlement agreement was executed between the parties, Colleen Yudin-Cowan, a Claim Representative of Fireman's Fund, sent a copy of the existing underwriting plan to XTRA's local counsel, Foley & Lardner, at its request. This underwriting agreement consisted of the Retrospective Premium Endorsement Plan.

The second settlement involved the contamination of well water servicing two hundred and forty residents along the Rock River, near the ES&G Landfill. This contamination resulted in a significant amount of environmental litigation, including companion insurance coverage litigation. Fireman's Fund eventually reached a global settlement with XTRA and its other insurers, Royal Insurance Company of America (hereinafter referred to "Royal") and Globe Indemnity Company for a total of Nine Hundred Thousand Dollars ($900,000.00). Per Fireman's Fund's agreement with the other insurers, the plaintiffs' portion of this settlement was Four Hundred Thirty-Seven Thousand Twenty Three Dollars and Seventy-Five Cents ($437,023.75), which consisted of fifty percent (50%) of the indemnity payments ($233,729.32) and forty-seven percent (47%) of the defense costs ($203,294.43). On December 22, 1997, Colleen Yudin-Cowan sent a letter to General Counsel for XTRA, Robert LaJoie, reminding the defendants that Fireman's Fund's contribution to the settlement would be subject to its "open underwriting plan" with the plaintiffs.

The plaintiffs' counsel, W. Martin Tellegen, and Steven Streck, counsel for Royal, initially drafted a unilateral Settlement Agreement and Release ("Settlement Agreement") to be signed by XTRA. On or about February 9, 1998, XTRA's counsel, Howard T. Weir of Morgan, Lewis & Bockius, LLP, requested that the Settlement Agreement be modified to include mutual release language whereby the plaintiffs also discharged XTRA from further liability relative to the environmental litigation. Concerned that the proposed mutual release language requested by Attorney Weir, broadly read, might affect the contractual relationship between the parties and the parties existing underwriting plan, comprised of the retrospective premium endorsement plan, Attorney Tellegen requested a further modification to the mutual release language proposed by

Attorney Weir. As is set forth in Attorney Tellegen's February 11, 1998 letter and the redlined modification to the 1998 Settlement Agreement enclosed with that letter, Attorney Tellegen requested the addition of the following language: "Notwithstanding the foregoing, this release does not apply to change or modify any underwriting agreement between XTRA and [the plaintiffs] relating to the administration of claims asserted under the policies which are the subject of this AGREEMENT." The intent of this language was an express reservation of the plaintiffs' right to seek retrospective premiums under the policies at issue in the environmental litigation. XTRA raised no objection to the express reservation; elected not to consult its insurance department or insurance agent relative to its meaning; and subsequently signed the release with Attorney Tellegen's express reservation language requested by the plaintiffs.

B.   Damages

The plaintiffs allocated the settlement amounts over six policy years (79/80; 79/80; 80/81; 81/82; 82/83; and 83/84) and applied six loss limits to the indemnity payment, one for each year.

| Policy Number | Policy Period | Settlement Share | Reimbursable |
| --- | --- | --- | --- |
| LP 2403 15 49 | October 1, 1978-79 | $ 72,837.29 | No |
| LP 0271 60 94 | October 1, 1979-80 | $ 72,837.29 | No |
| LP 0271 60 92 | October 1, 1980-81 | $ 72,837.29 | Yes |
| LP 0271 60 91 | October 1, 1981-82 | $ 72,837.29 | Yes |
| KLP 0322 20 00 | October 1, 1982-83 | $ 72,837.29 | Yes |
| KLA 0321 67 15 | October 1, 1983-84 | $ 72,837.29 | No |
|  |  | $437,023.75 |  |

Reportedly, no portion of the agreed settlement funds was allocated toward XTRA's breach of contract, breach of covenant of good faith and bad faith claims as XTRA did not request such an allocation and it was not a term or condition of the 1998 Settlement Agreement that was negotiated between the parties. For the same reason, the settlement proceeds were not allocated toward any fees or expenses that XTRA incurred in connection with the coverage litigation. Likewise, there was no request or requirement to allocate the settlement funds toward any so-called "add-on fees" or interest. As a result of the foregoing, the defendants owe the plaintiffs Two Hundred Forty-Seven Thousand Eight Hundred and Fifty-Eight Dollars ($247.858.00). The defendants refused to pay thereby breaching its contract with the plaintiffs.

### 4. Facts Established by Pleadings, Stipulations and Admissions

The parties can stipulate to many of the events leading up to the execution of the 1998 Settlement Agreement and the plaintiffs' demands for payment of outstanding premiums thereafter. Counsel are currently drafting the stipulations and agree, with this Court's permission, to submit same no less than five (5) days prior to the commencement of trial.

### 5. Contested Issues of Fact

- Whether or not the Retrospective Premium Endorsement Plan was open as of February 1998;
- Whether or not the language inserted by Attorney Tellegen in Section Five (5) of the settlement agreement applied to the parties' existing retrospective premium endorsement plan;

- Whether the defendants, their insurance agent, their staff counsel, Foley & Lardner and Morgan, Lewis & Bockius, LLP knew or should have known or made itself aware as to the meaning of the language Attorney Tellegen inserted into Section Five (5) of the 1998 Settlement Agreement before executing the agreement;

- Whether or not Fireman's Fund has the right to seek the subject retrospective insurance premiums given the terms of the 1998 Settlement Agreement;

### 6. Jurisdictional Issues

There are no jurisdictional issues at this time.

### 7. Issues of Law

- The plaintiffs seek pursuant to the provisions of Fed. R. Civ. P. 42(b), to bifurcate the proceedings, and request that this Court hear XTRA's M.G.L. 93A and 176D counterclaims independent of the jury. In support thereof, Fireman's Fund submits that such a bifurcation would be in furtherance of convenience, would avoid prejudice to Fireman's Fund, and would be in the interest of judicial economy, as a bifurcated trial may obviate the need to try the entirety of the counterclaim. In other words, if the Court opts to hear the breach of contract case first, along with the remaining counterclaims, and should Fireman's Fund prevail at such a trial, then this ruling may render moot many of the issues in the counterclaim, the effect of which would be to shorten the length of the counterclaim trial, or possibly to push the parties to a compromise resolution of the counterclaim. When ruling on a Rule 42(b) motion to bifurcate, the motion (or trial) judge is afforded broad discretion. <u>Dobos v. Driscoll</u>, 404 Mass. 634, 645 (1989); <u>Ruddy and McNulty Insurance Agency, Inc. V. A.A. Proctor and Co., Inc.</u>, 16 Mass. App. Ct. 525,

528 (1983). Indeed, the court even has the discretion to order bifurcation of a counterclaim, third party claim, etc. sua sponte. Smith and Zobel, Rules Practice, § 42.3 (1977), citing to Huffmaster v. United States, 186 F. Supp. 120 (W.D. Cal. 1960).

- The plaintiffs seek to preclude the introduction of any testimony and/or documentation from the defendants, not produced to date, which purports to demonstrate XTRA's state of mind throughout the negotiation of the 1998 Settlement Agreement. In support thereof, Fireman's Fund states that to date, the defendants have failed to produce any documentary evidence setting forth the defendants purported state of mind during the underlying settlement negotiations. Having failed to disclose such evidence under the guise of the attorney-client privilege, the defendants should be precluded from relying upon any such documents at the trial.

- The plaintiffs further seek to preclude Attorney Martin Weir from testifying at trial, or seek to disqualify Morgan, Lewis & Bockius, LLP as trial counsel. During the course of the underlying settlements, XTRA was represented by Attorney Weir of Morgan, Lewis & Bockius, LLP. As such, Attorney Weir is a material witness to the underlying settlements and has been named by the defendants as a witness to be called at trial. The Supreme Judicial Court Rule 3:07, Canon 5, DR 5-102 states in part: "(A) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial..." Attorney Weir's proposed testimony relates to contested matters, specifically, the redlined modification to the 1998 Settlement Agreement, and the intent of

the modification. To allow Attorney Weir to testify as a material witness for the defendants, while his own firm acts as trial counsel for the defendants, may taint the outcome of the trial. For example, during the course of the defendants' deposition, trial counsel asserted the attorney-client privilege when inquiries were directed as to communications between and among Attorney Weir and the defendants concerning the drafting, modification and/or execution of the 1998 Settlement Agreement.

### 8. Amendment to Pleadings

None at this time.

### 9. Additional Matters to Aid in the Disposition of the Case

None at this time.

### 10. Voir Dire Procedure

A.  <u>Witness List</u>

    Collen Yudin-Cowan
    Fireman's Fund Insurance Company
    777 San Marin Drive
    Novato, CA 94998
    (415) 899-3819

    Richard Gain
    Fireman's Fund Insurance Company
    777 San Marin Drive
    Novato, CA 94998

Steven M Streck, Esq.

Axley Brynelson LLP

Manchester Place 2 E Mifflin St # 200

PO Box 1767

Madison, WI 53701-1767

(608) 257-5661

W. Martin Tellegen, Esq.

Kaufman & Logan LLP

100 Spear St 12FL

San Francisco, CA 94105

(415)247-8300

Keeper of Records

Frederick E. Penn Insurance Agency, Inc.

50 Cabot Street

Needham, MA 02192

Keeper of Records

Morgan, Lewis & Bockius, LLP

225 Franklin Street

Boston, MA 02110

Counsel respectfully reserves the right to supplement this witness list prior to trial.

B.  Proposed Description of Case for the Jury

This is a contract action brought by the plaintiffs to recover outstanding insurance premiums from the defendants in the amount of Two Hundred Forty-Seven Thousand Eight Hundred Fifty-Eight Dollars ($247,858.00) in accordance with a Retrospective Premium Endorsement Plan.

## 12. Witness List

Collen Yudin-Cowan

Fireman's Fund Insurance Company

777 San Marin Drive

Novato, CA 94998

(415) 899-3819

Ms. Yudin-Cowan was a Senior Litigation Analyst involved in Environmental Claims Facility (ECF).

Richard Gain

Fireman's Fund Insurance Company

777 San Marin Drive

Novato, CA 94998

Mr. Gain will testify as to the underwriting components at issue and its application to the facts presented in the case at bar.

Steven M Streck, Esq.

Axley Brynelson LLP

Manchester Place 2 E Mifflin St # 200

PO Box 1767

Madison, WI 53701-1767

(608) 257-5661

Attorney Streck assisted the plaintiffs in the drafting of the 1998 Settlement Agreement.

W. Martin Tellegen, Esq.

Kaufman & Logan LLP

100 Spear St 12FL

San Francisco, CA 94105

(415)247-8300

Attorney Tellegen assisted the plaintiffs in the drafting of the 1998 Settlement Agreement.

Keeper of Records

Frederick E. Penn Insurance Agency, Inc.

50 Cabot Street

Needham, MA 02192

This company acted in the capacity of an insurance agent for the defendants during the applicable time frame.

Keeper of Records

Morgan, Lewis & Bockius, LLP

225 Franklin Street

Boston, MA 02110

This law firm represented the defendants at all relevant times hereto and negotiated and executed the 1998 Settlement Agreement.

Counsel respectfully reserves the right to supplement this witness list prior to trial.

### 13. Exhibit List

The parties can agree to many of the exhibits to be used at trial. Counsel are currently drafting an Exhibit List, and with this Court's permission, will submit same no less than five (5) days prior to the commencement of trial.

## 14. Jury Instructions

The plaintiffs will submit its jury instructions to their Honorable Court both in hard copy and disk.

Respectfully Submitted,

THE PLAINTIFFS, FIREMAN'S FUND RISK MANAGEMENT SERVICES, INC., ASSOCIATED INDEMNITY CORPORATION, AND THE AMERICAN INSURANCE COMPANY

BY THEIR ATTORNEYS

COGAVIN AND WAYSTACK

*Roger J. Donahue, Jr.*

_____        _____
Date                          Roger J. Donahue, Jr.
                              B.B.O. #: 129100
                              One Center Plaza
                              Boston, Massachusetts 02108
                              (617) 742-3340


## CERTIFICATE OF SERVICE

I, Roger J. Donahue, Jr., hereby certify that on June 23, 2006, I served the within document by e-filing same with the above-named Court, to the following:

| | |
|---|---|
| Jeffrey W. Moss, Esquire | Michael F. Healy, *pro hac vice* |
| Morgan, Lewis & Bockius, LLP | Morgan, Lewis & Bockius, LLP |
| 225 Franklin Street, Suite 1705 | 1111 Pennsylvania Ave, NW |
| Boston, MA 02110 | Washington, DC 20004 |

*Roger J. Donahue, Jr.*

_____
Roger J. Donahue, Jr.